# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

In re

JANICE SARAFOGLOU,

                    Debtor

Chapter 13
Case No. 06-10272-RS

## MEMORANDUM OF DECISION ON
## MOTION OF OPTION ONE MORTGAGE CORPORATION
## TO CONFIRM THAT AUTOMATIC STAY IS NOT IN EFFECT
## AND ON
## MOTION OF WACHOVIA BANK, N.A. FOR RELIEF
## FROM THE AUTOMATIC STAY AND FOR IN REM RELIEF

Before the Court are two discrete but related motions concerning the automatic stay. In one, Option One Mortgage Corporation ("Option One"), as servicing agent for Wachovia Bank, N.A. ("Wachovia") requests an order confirming that the automatic stay is not in effect in the within Chapter 13 case (and hence is no bar to Wachovia's foreclosure of its mortgage on the Debtor's residence) because the Debtor had two bankruptcy cases pending and dismissed within one year of her current case ("Prior Cases") ("Current Case") ("Confirmation Motion"). In the other, Wachovia requests relief from stay, including *in rem* relief, on account of Wachovia's mortgage on the Debtor's residence because of a lack of adequate protection and the Debtor's having no equity in her residence ("Stay Motion"). The Debtor opposes both the Confirmation Motion and the Stay Motion and, in addition, requests under 11 U.S.C. § 362(c)(4)(B) that the Court order the automatic stay to take effect in the Current Case as to all creditors, including Wachovia, contending that she filed the Current Case in good faith ("Opposition") ("Stay

---

[1] Both motions concern one and the same mortgage. For convenience, references hereinafter to Wachovia include Option One.

Request").[2]

On June 22, 2006, the Court held an evidentiary hearing on the Motions. The Court admitted affidavit and live testimony from four witnesses. In reaching its decision, the Court considered the Motions, the Opposition, the Stay Request, the testimony, the parties' written submissions, the arguments of counsel, the record of the Case and applicable law. For the reasons stated below, the Court denies the Confirmation Motion, grants the Stay Request, and denies the Stay Motion.

### Factual Background

The salient facts of this matter are not in dispute, as set forth below.

The Debtor is a serial filer, having commenced three Chapter 13 cases, including the Current Case, since February 4, 2005. Both Prior Cases were pending and dismissed within one year of the commencement of the Current Case.[3] In each instance, the Debtor sought protection against foreclosure by Wachovia of its mortgage on her residence ("Residence").

The Debtor filed the Current Case on February 9, 2006. In the Current Case, the Debtor lists assets with a value of $928,840 and debts in the amount of $392,202. Her assets include the Residence, valued in her schedules at $800,000. Her debts include her obligations to Wachovia,

---

[2]Her request under 11 U.S.C. § 362(c)(4)(B) is set forth in her opposition to the Confirmation Motion and reiterated in her opposition to the Stay Motion.

[3]The Debtor filed the first Prior Case on February 4, 2005. That case was dismissed on May 12, 2005 for failure to provide various documents. The Debtor did not oppose dismissal. The Debtor filed the second Prior Case on November 18, 2005. That case was dismissed on December 20, 2005 for failure to comply with a court order regarding the delivery of various documents. Again, the Debtor did not oppose dismissal. The Debtor also filed a Chapter 7 case on April 8, 1994 and obtained a discharge in that case on February 7, 1996. I do not consider that case relevant to the determination of the matters presently before me.

secured by a mortgage on the Residence ("Mortgage Debt"), stated in her schedules at

$360,000.[4]  At trial, the Debtor offered unrebutted testimony that the Residence has a current

market value of $900,000-$1,000,000.  At trial, Wachovia offered unrebutted testimony that the

Mortgage Debt is $485,048 (comprised of $361,105 in principal and $123,943 in interest

accruals and other contractual costs).

The Debtor does not dispute the calculation of the Mortgage Debt, rather she contends

that she should not be obligated to pay anything but principal due to the predatory and

confounding business practices of Wachovia.  She has apparently raised these allegations and

claims in a Massachusetts state court action, which is inactive at present, and has produced no

final judgment regarding these matters ("State Court Action").

In her amended schedules, the Debtor lists net disposable monthly household income of

$6,738 (total income of $14,903 less total expenses of $8,165).  Her household expenses include

a monthly mortgage payment on the Residence of $2,950.  Wachovia contends that the monthly

mortgage payment is $3,448.[5]

For the purposes of the Motions, I find that the current market value of the Residence is

$900,000; that the Mortgage Debt claim is in the amount of $485,048 as of June 9, 2006; that the

---

[4]The Debtor acknowledged in her trial testimony that her accountant holds a second and
third mortgage on the Residence. Wachovia contends that these liens secure debts of $100,000
and $170,000, respectively. The Debtor did not list these liens and claims in her schedules. For
the purposes of the Motions, I find that the mortgages secure the stated amounts without finally
ruling on the allowance of the claims or the validity, perfection or enforceability of the liens.

[5]The Debtor testified that the household's net disposable income will improve by the
elimination of a $2,000-$2,500 monthly college education expense upon her daughter's
graduation this spring.  This expense does not appear in the Debtor's schedules; however, the
Court accepts the Debtor's testimony on the subject and finds that the elimination of this expense
enhances the Debtor's reorganization prospects.

Debtor's updated net disposable monthly income is $6,738; and that the current monthly non-default mortgage payment is $3,448.

The Debtor has filed a plan of reorganization in the Current Case. Apparently, that filing occasioned the assertion of a $150,000 Massachusetts tax priority claim, thereby rendering that plan at least arguably not feasible, although the Court has neither finally considered nor finally rendered any ruling regarding the allowance of that claim or the feasibility of that plan.

The Debtor has made no monthly mortgage payments to Wachovia in any amount for two years. Her failure to make such payments derives from her allegations regarding Wachovia's business practices, in two respects: *first*, she testified that Wachovia failed on numerous occasions properly to post or to account for mortgage payments made in the period before June 2004, resulting in interest accruals and other charges that she would not have incurred had Wachovia acted in a more responsive, business-like, and reasonable fashion; and *second*, she testified that Wachovia also prevented her refinancing of the Mortgage Debt in that same period by failing to re-classify the Mortgage Debt as not in foreclosure even after her cure of pending defaults, depriving her of a favorable refinancing environment and (together with other financial setbacks) necessitating her successive filings. Some, perhaps all, of these claims are raised in the State Court Action.

Wachovia disputes the Debtor's recitation of these events but offers little, if any, evidence to counter the Debtor's portrayal of Wachovia's objectionable conduct.[6]

In effect, Wachovia relies on admitted (or alleged) financial calculations and values.

---

[6]The Court here merely notes the fact of the State Court Action and the disputed claims by the Debtor regarding Wachovia's alleged misconduct. The Court makes no findings or rulings on those claims and allegations, and they are not necessary to the Court's decision herein.

Wachovia argues that the Mortgage Debt is properly calculated; that the Debtor has insufficient net disposable income to pay the Mortgage Debt, even on current non-default contractual terms; that Wachovia lacks adequate protection, having received no mortgage payment for two years; that the Debtor does not have any equity in the Residence; that the Residence is not necessary to the Debtor's effective reorganization; and that the Debtor's reorganization is not feasible.

I find the Debtor's testimony credible and persuasive on the subjects covered in her affidavit and live testimony.

## Discussion

There are two separate sections of the Bankruptcy Code applicable with respect to this matter: *first*, the newly added provisions of § 362(c)(4) dealing with multiple filings and the stay[7]; and *second*, the more settled provisions of § 362(d)(1) and (2) dealing with relief from stay. I address them below in that order.

## Confirmation Motion

Newly added § 362(c)(4) operates as follows. When a case is commenced by or against an individual debtor as to whom two or more other cases were pending and dismissed within the previous year, the stay in subsection 362(a) does not go into effect, at least not automatically. Within 30 days of the commencement of the new case, a party in interest, such as the debtor, may ask for the issuance of a stay order as to any or all creditors, and the court, after notice and

---

[7]See The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (Pub. L. 109-8) ("2005 Amendments").

hearing, *may*[8] grant the request if the requesting party in interest demonstrates that the new case was filed in good faith as to the creditors to be stayed. In certain circumstances, a presumption arises that the case was not filed in good faith, and the triggering of this presumption obligates the moving party to rebut the presumption—that is, to make the requisite showing of good faith—by clear and convincing evidence. 11 U.S.C. § 362(c)(4)(B). Moreover, on request of a party in interest, the court must issue an order confirming that no stay is in effect. 11 U.S.C. § 362(c)(4)(A)(ii).

Here, the parties acknowledge, and the Court finds, that the Current Case is fully subject to the provisions of § 362(c)(4): due to the Prior Cases, no stay is in effect; Wachovia has requested and is entitled to an order confirming that no stay is in effect unless the Debtor makes the good faith filing demonstration and a stay order issues; the Debtor has timely requested an order placing the stay in effect; the pendency of the Prior Cases within the year prior to Debtor's commencement of the Current Case has triggered a presumption that the Current Case was filed "not in good faith" as to all creditors; and the Debtor must therefore demonstrate good faith by clear and convincing evidence, having the burdens of going forward and of persuasion.

The Bankruptcy Code contains no definition of and few references to "good faith." Decisional law has construed "good faith" in instances where the term appears in the Code (e.g., in connection with reorganization plan proposals, 11 U.S.C. §§ 1129(a)(3) and 1325(a)(3)) or where it has been read into the Code (e.g., in conversion from Chapter 7 to Chapter 13, *In re Marrama*, 430 F.3d 724 (1ˢᵗ Cir. 2005), *cert. granted* ___S.Ct.___, 2006 WL 316685 (2006)).

---

[8]The statute provides no guidance as to the standard for the exercise of discretion upon a good faith finding. In this case, where there are no allegations of misconduct or dishonesty or other objectionable actions by the Debtor, I consider the standard to encompass the Debtor's reorganization progress and prospects at the time the Stay Request is considered. Other cases may involve different circumstances and thus implicate other considerations.

Two bankruptcy judges have considered the matter of good faith in the comparable setting of the newly added § 362(c)(3), wherein a similar template is provided for requests to extend the stay upon its automatic termination 30 days after the commencement of an individual case where there is *one* prior case (not two or more) pending and dismissed within a year of the new case. *See In re Montoya*, 333 B.R. 449 (Bankr.D.Utah 2005); and *In re Charles*, 334 B.R. 207 (Bankr.S.D.Texas 2005). In *Montoya*, Bankruptcy Judge Boulden employs the check-list of factors utilized in considering whether a Chapter 13 case has been filed, and a related plan proposed, in good faith. In *Charles*, Bankruptcy Judge Isgur has fashioned a diagrammatic chart by which to navigate the good faith waters. Both approaches are thorough if a bit mechanistic, but certainly useful and even authoritative in surveying the many factors that can be considered in determining good faith. Still, both analyses ultimately reduce to the handy "totality of the circumstances" rubric, by which the court looks at the whole picture and proceeds from there. The Court is wary of the check-list and schematic approaches; they tend to nudge the judgment toward the factors rather than elicit the judgment from them.

Given that analytical background, I construe good faith in the § 362(c)(4) setting to require that the Debtor demonstrate that she filed the Current Case to obtain legitimate bankruptcy law protection and relief, that she is eligible for such protection and relief, that she has sufficient resources to render her pursuit thereof meaningful, and that she is pursuing such protection and relief honestly. Further, in that section, I construe clear and convincing evidence in a more aphoristic manner: situated somewhere on the evidentiary spectrum between the preponderance of the evidence and beyond a reasonable doubt standards, clear and convincing

7

means highly probable or reasonably certain or both."[9]

Here, the Debtor has demonstrated that she has the resources to propose a plan resolving the Mortgage Debt, the newly emerged tax priority claim, and her non-priority unsecured debts by obtaining a refinancing of the Mortgage Debt, liberating the now blocked equity in the Residence and utilizing her net disposable income as enhanced by the elimination of her daughter's college education expense. Her current plan may not be feasible but largely as a consequence of the tax priority debt's recent arrival on the scene. She may modify that plan and seek its confirmation in modified form. That modified plan does not have to be definitively confirmable on its face in order to satisfy the clear and convincing standard but rather have a reasonable likelihood of success.

I find it highly probable and reasonably certain that the Debtor filed the Current Case to protect the Residence, to afford herself the opportunity to refinance the Mortgage Debt, to access the equity in the Residence, to resolve her priority and non-priority debts in accordance with the provisions of Chapter 13, and to repair her deteriorated family fortunes. I also find that she is eligible for such relief, that she has pursued these ends in an honest and forthright manner and that a modified plan is within her reasonable reach. Thus, I find that the Debtor has filed the Current Case in good faith.

In these circumstances, and in view of these findings, the Confirmation Motion is denied

---

[9]*Buildex Inc. v. Kason Industries. Inc.*, 849 F.2d 1461, 1463 (C.A.Fed. 1988) ("Although not susceptible to precise definition, clear and convincing evidence has been described as evidence which produces in the mind of the trier of fact 'an abiding conviction that the truth of [the] factual contentions are highly probable," citing *Colorado v. New Mexico*, 467 U.S. 310, 316, 104 S.Ct. 2433, 2437-38, 81 L.Ed.2d 247 (1984)); *Amgen, Inc. v. Hoechst Marion Roussel, Inc.*, 339 F.Supp.2d 202, 262 (D.Mass. 2004) (same); *Blacks Law Dictionary* 577 (7th ed. 1999) (defining "clear and convincing evidence" as "evidence indicating that the thing to be proved is highly probable or reasonably certain.").

and the issuance of a stay order is warranted.

## **Stay Motion**

Wachovia does not specify the statutory grounds on which it seeks relief from stay. Wachovia asserts that it is entitled to relief from the automatic stay for three reasons: that the Residence is not essential to the reorganization of the Debtor; that the Debtor has been unable to provide adequate protection (but Wachovia has not indicated how its secured claim is not adequately protected), and that the Debtor has abused the bankruptcy process by her repeated bankruptcy filings, all intended solely to delay Wachovia's foreclosure efforts for an unreasonable period.

Wachovia has not established grounds for relief from stay under subsection 362(d)(2), under which the movant is entitled to proceed against the property if the debtor lacks equity in the property and the property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(2). The Debtor clearly does have substantial equity in the property. Moreover, the property is necessary for the Debtor's reorganization—saving the property is the principal purpose of the reorganization—and the Debtor has demonstrated a reasonable prospect of effectively reorganizing. While, as noted above, the Debtor's current plan may not be feasible, she has the right to modify that plan and the resources to support a newly formulated plan that encompasses a refinancing of the Mortgage Debt (in an amount either consensually or judicially determined) as well as appropriate treatment of her priority and non-priority debts. Thus, the Debtor's reorganization is in prospect.

Nor has Wachovia established "cause" for relief from stay under subsection (d)(1), which requires that relief be granted "for cause, including the lack of adequate protection of an interest

in property of such party in interest." 11 U.S.C. § 362(d)(1). Insofar as the "cause" on which Wachovia is relying is lack of adequate protection, Wachovia has failed in its initial burden of articulating how its secured claim is not adequately protected; and, in any event, Wachovia is more than adequately protected by a substantial equity cushion. Insofar as Wachovia's "cause" is the Debtor's history of repeated bankruptcy filings, which Wachovia alleges lacked a reasonable prospect of success and were intended only to delay Wachovia's foreclosure, the Court has found that the Current Case was filed in good faith and enjoys a reasonable prospect of success Accordingly, Wachovia has not established cause for relief from the automatic stay.

Still, Wachovia is not lacking a reasoned position. It has received no mortgage payments for two years; it has been thrice thwarted at foreclosure; it may well face a diminishing equity cushion, eroded by interest accruals and by market decline; and no judicial proceeding is presently active in the Debtor's campaign against the non-principal component of the Mortgage Debt. These concerns warrant consideration and remedy.

Accordingly, I deny the Stay Motion without prejudice to Wachovia's renewal thereof after 90 days from the date hereof based upon (a) a demonstrable and material deterioration in the adequacy of the protection afforded by the aforesaid equity cushion or (b) the Debtor's progress (or lack thereof) in resolving the tax priority debt, in obtaining confirmation of a modified plan, and in resolving her claims against Wachovia (whether in the State Court Action or via claims resolution, contested matter or adversary proceeding in this Court) or (c) both.

## Conclusion

For the reasons set forth above, the Court finds that (a) the Debtor filed the Current Case in good faith; (b) the Debtor's reorganization progress thus far warrants the Court's order that the automatic stay take effect in the Current Case as to all creditors as of the date hereof; and (c) Wachovia is adequately protected in respect of the Mortgage Debt and its lien on the Residence by an equity cushion.

Accordingly, the Confirmation Motion and the Stay Motion are denied and the Stay Request is granted.   Orders consistent with this decision will issue forthwith.

Dated: June 29, 2006

Robert Somma
United States Bankruptcy Judge

cc:  Paul J. Carchidi, Esq., Counsel to Debtor
      Victor Manougian, Esq., Counsel to Option One Mortgage and Wachovia Bank, N.A.
      Doreen Solomon, Chapter 13 Trustee

11